**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MALLINCKRODT PLC, *et al.*, | : | No. 20-12522 (JTD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Adversary Proceeding |
| OPIOID MASTER DISBURSEMENT TRUST II, | : | No. 22-50435 (JTD) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ARGOS CAPITAL APPRECIATION MASTER FUND LP *et al.*, | : | |
| | : | |
| Defendants. | : | |

**PROTOCOL ORDER RELATING TO CONDUITS,**
**NON-TRANSFEREES, "STOCKBROKERS", "FINANCIAL INSTITUTIONS",**
**"FINANCIAL PARTICIPANTS", AND DISSOLVED ENTITIES**

**WHEREAS**, on October 12, 2022, the Opioid Master Disbursement Trust II (the "**Trust**"

or the "**Plaintiff**") filed under seal the complaint (the "**Complaint**") commencing the above-

captioned adversary proceeding (the "**Adversary Proceeding**"), which alleges that certain entities,

including the individuals and entities named as defendants (each a "**Defendant**" and collectively

"**Defendants**", each, along with the Trust, a "**Party**" and altogether with the Trust, the "**Parties**"),

received consideration in exchange for transferring shares of stock of Mallinckrodt plc

("**Mallinckrodt**") as part of a share repurchase program (the "**Share Repurchase Transactions**")

that allegedly took place between August 4, 2015 and April 23, 2018 (the "**Relevant Time**

**Period**"), *see* D.I. 1;

**WHEREAS**, on December 28, 2022, the Court entered the *Order Enlarging the Time to Effect Service of Process and Approving Preliminary Case Management Procedures*, D.I. 93 (the "**Case Management Order**");

**WHEREAS**, the Case Management Order, among other things, extended and enlarged the Trust's time for effectuating service of the summons and Complaint in the Adversary Proceeding up to and through April 11, 2023 (the "**Service Deadline**"), without prejudice to the Trust's right to seek further extension(s) of the Service Deadline[1];

**WHEREAS**, the Case Management Order also directed the Parties to commence by January 5, 2023 "reasonable and good-faith negotiation of protocols to address, efficiently and without undue cost, the defense that any Defendant is a conduit, non-transferee, 'stockbroker,' 'financial institution' or 'financial participant,' as such terms are defined in [title 11 of] the United States [] Code [(the "**Bankruptcy Code**")], or dissolved entity not capable of being sued, and any other defense that the Trust and Defendants agree can be resolved through a similar protocol," *id.* ¶ 6(c);

**WHEREAS**, the Trust has been engaged in the process of identifying the entities that allegedly received consideration in connection with the Share Repurchase Transactions (the "**Shareholder Matching Process**"); and following its future completion of the Shareholder Matching Process and prior to the Service Deadline, which has been further extended to July 10, 2023, and may be further extended by order of this Court (and with all Parties reserving their rights as to any such extension that the Trust may seek), the Trust intends to file an amended complaint that will identify as defendants certain parties that allegedly received consideration in connection

---

[1]  By choosing to invoke this Protocol (defined below), Defendants are not consenting, and reserve all rights to object, to further extensions of the Service Deadline.

with the Share Repurchase Transactions based on the results of the Shareholder Matching Process (the "**Amended Complaint**");

      **WHEREAS**, certain Defendants assert, with respect to some or all of the claims asserted against them in this Adversary Proceeding, that they have one or more Defenses (as defined below), and wish to utilize the following protocol order (the "**Protocol**") for the prompt resolution of such claimed Defenses[2];

      **NOW THEREFORE**, to the extent that a Defendant wishes to adhere to the following Protocol to assert and resolve any Defenses, such Defendant and the Plaintiff shall do so as follows:

## I.    **Definitions**

      1.    *Conduit:*  A "Conduit" for purposes of this Protocol is or was a person or entity that was a non-beneficial holder of Mallinckrodt stock through which a certain amount of proceeds of Share Repurchase Transactions passed, but that was not the beneficial holder of such stock or ultimate recipient of such proceeds.

      2.    *Defenses:*  A "Defense," for purposes of this Protocol and as applied with respect to any of the claims asserted against a Defendant, shall mean that the Defendant is or was a Conduit, Non-Transferee (as defined below), "Dissolved Entity" (as defined below), or "Financial Institution,"[3] "Financial Participant,"[4] "Stockbroker,"[5] or any other type of entity identified in Section 546(e) of the Bankruptcy Code.

---

[2]    By referring to any of the above as a "Defense," the Parties do not intend to, and do not, alter the otherwise applicable burden of proof on any issue in this Adversary Proceeding.

[3]    "Financial Institution" shall have the meaning ascribed to such term in section 101(22) of the Bankruptcy Code.

[4]    "Financial Participant" shall have the meaning ascribed to such term in section 101(22A) of the Bankruptcy Code.

[5]    "Stockbroker" shall have the meaning ascribed to such term in section 101(53A) of the Bankruptcy Code.

3.     *Dissolved Entity:*  A "Dissolved Entity" for purposes of this Protocol is a previously existing corporation, partnership, company, registered or unregistered fund, or other legal entity that was dissolved, cancelled, or otherwise ceased to exist under the laws of its place of incorporation, formation, organization, or similar, as of October 12, 2022.

4.     *Non-Transferee:*  A "Non-Transferee" for purposes of this Protocol is or was a person or entity that did not receive any proceeds from the Share Repurchase Transactions.

## II.     **Evidence Establishing the Claimed Defenses**

5.     *Declaration:*  Any Defendant that believes that it has one or more Defenses and that seeks to invoke this Protocol to obtain dismissal of all or some of the claims asserted against it in the Adversary Proceeding based on such Defense(s) shall submit to Plaintiff, via electronic mail to jalberto@coleschotz.com, sklepper@coleschotz.com, and adeleo@coleschotz.com, a sworn declaration substantially in the form attached hereto as Appendix A (the "**Declaration**"), signed by an authorized officer, director, or employee of the Defendant with personal knowledge (which personal knowledge may be based on the individual's review of books and records of the Defendant) of the facts set forth in the Declaration.[6]

6.     *Supporting Documentation:*  Any Defendant that seeks to invoke this Protocol to obtain dismissal of all or some of the claims asserted against it in the Adversary Proceeding based on such Defense(s) shall also submit to Plaintiff, via electronic mail to jalberto@coleschotz.com, sklepper@coleschotz.com, and adeleo@coleschotz.com, in addition to the Declaration, (1) either or both (at the Defendant's election) of "a" and "b," and (2) "c":

> a.   Documents sufficient to establish the factual basis for its claimed Defense(s) ("**Supporting Documentation**") (which Supporting Documentation may, as appropriate, be designated by the Defendant as "Confidential Material" or

---

[6]     A Defendant that submits a Declaration pursuant to this Protocol does so without prejudice to such Defendant's ability to submit separate Declaration(s) asserting one or more additional Defenses not raised in a prior Declaration.

"Highly Confidential Material" under the terms of the Protective Order, D.I. 103-1), subject to paragraph 8;

b. A written explanation of why, under applicable law, the Declaration and the Supporting Documentation establish the Defense(s); and

c. Copies of any and all decisions of any court of competent jurisdiction known to counsel for the Defendant ruling that Defendant previously satisfied the Defense(s) asserted or did not previously satisfy such Defense(s).

7.    Subject to paragraph 8, in the case of a Defendant asserting that it is a full or partial Conduit or Non-Transferee, or that it is a Stockbroker and that it held the shares of Mallinckrodt stock and received any proceeds of the Share Repurchase Transactions for the account of someone other than itself, the Defendant shall submit the following exhibit:

A spreadsheet listing each of the persons and entities to which the Defendant transmitted, credited, or otherwise made available proceeds of any sales of Mallinckrodt stock on the dates in Exhibit C to the Complaint, showing for each person or entity (1) its legal name and address; (2) the date(s) of the relevant sales, including the trade and settlement dates; (3) the time of the sale (to the smallest unit of time available); (4) the number of shares sold; (5) the share price; (6) the exchange on which the Share Repurchase Transaction was executed; and (7) any trade identifying information (including but not limited to FIX Tag information) (collectively, the "**Shareholder Identifying Information**"); *provided*, *however*, that Defendant shall provide such Shareholder Identifying Information to the extent such information is reasonably accessible without undue cost or burden; *provided further*, *however*, that Plaintiff may file a motion to compel the production of such information in the event it is withheld or to challenge any basis on which the Defendant is refusing to provide the Shareholder Identifying Information.

8.    *Compliance with Foreign Non-Disclosure Laws:*    In the event a Defendant contends, in its Declaration or in a separate declaration submitted therewith, that it is unable to produce some or all of the Supporting Documentation and Shareholder Identifying Information described in paragraphs 6 or 7, as applicable, because: (i) such Supporting Documentation is located outside of the United States; and/or (ii) the Defendant is prevented from producing such Supporting Documentation due to (a) foreign privacy laws, (b) foreign bank secrecy laws, (c) or other similar foreign law(s), and/or (d) contractual commitments recognized by foreign law

(collectively, the "**<u>Non-Disclosure Provisions</u>**"), such Defendant shall, in the Declaration or in a separate declaration submitted therewith:

a. State the jurisdiction in which the Defendant is located;

b. Cite the applicable Non-Disclosure Provisions that the Defendant contends prohibit disclosure and state the reason for its inability to provide the Supporting Documentation;

c. Redact from the Supporting Documentation the specific information that Defendant is unable to disclose pursuant to the Non-Disclosure Provisions and produce such redacted Supporting Documentation, but only to the extent such redaction is permitted under the applicable Non-Disclosure Provisions, and provided that the Non-Disclosure Provisions permit the production of Supporting Documentation in an unredacted, or redacted, form; and

d. Represent that, in the event the Defendant is dismissed from the Adversary Proceeding, it:

   i. Shall preserve until the final resolution of the Adversary Proceeding (including all appeals) all full Supporting Documentation in unredacted form described in paragraphs 6 and 7;

   ii. Except as provided in footnote 7 below, agrees not to argue that Plaintiff's rights to obtain such information from the Defendant as a non-party to the Adversary Proceeding are less than what the Plaintiff's right to obtain such information from the Defendant would have been if the Defendant remained a party to the Adversary Proceeding;

   iii. Except to the extent required by law, shall not oppose a proper motion filed by Plaintiff with this Court for the issuance of an appropriate letter rogatory or letter of request to an appropriate foreign court or tribunal requesting an order to obtain the unredacted versions of the Supporting Documentation in accordance with the law(s) of the relevant foreign jurisdiction; provided however, that such Defendant may, in the exercise of its discretion or as may be required by applicable law or agreement, provide the affected party with the pleadings to permit such party, if it elects, to oppose the relief; and

   iv. Except to the extent required by law, or as provided in footnote 7 below, shall not oppose an appropriate motion or application filed by Plaintiff with a foreign court or tribunal of competent jurisdiction and in accordance with applicable law requesting an order

compelling such Conduit or Non-Transferee to provide Plaintiff with the unredacted Supporting Documentation, *provided, however,* that such Conduit or Non-Transferee may, in the exercise of its discretion or as may be required by applicable law or agreement, provide the affected party with the pleadings in order to permit such party to oppose the relief.[7]

If there is any dispute as to whether information may be provided due to the Non-Disclosure Provisions, the Plaintiff and such Defendant shall meet and confer in an attempt to resolve the disagreement. If they cannot resolve the matter, either Party may file a motion asking that the Court resolve the dispute and/or seeking other appropriate relief not inconsistent with this Protocol.

9. *Plaintiff's Review of Documentation and Dismissal of Defendants:* Plaintiff shall, within 45 days of receipt of the Declaration and any Supporting Documentation (subject to paragraph 8) that the Defendant submits, either (i) file a notice of dismissal (without prejudice) pursuant to Fed. R. Civ. P. 41 in the form of Appendix B to this Protocol, or (ii) notify the Defendant in writing that it is unwilling to dismiss the Defendant and state the grounds upon which such position is based. Within the 45-day period, Plaintiff may make a request to the Defendant for additional information that Plaintiff believes, in good faith, is necessary for it to determine whether the Defendant has established the claimed Defense. In the event Plaintiff makes such request, Plaintiff's time to file a stipulation and notice of dismissal or notify the Defendant in writing that it is unwilling to dismiss the Defendant shall be extended to 45 days after receipt of the additional information or receipt of notification by the Defendant that no additional information will be provided, unless a further extension is granted by the Defendant or the Court. Any Defendant receiving such request for additional information reserves the right to object to any such

---

[7]     If the Non-Disclosure Laws require a Conduit or Non-Transferee to oppose any such motion or application filed by the Plaintiff, the Conduit or Non-Transferee is not required to include the representations in paragraphs 8(d)(ii) or 8(d)(iv) in the Declaration or in a separate declaration submitted therewith, provided that the Conduit or Non-Transferee cites to the applicable Non-Disclosure Law therein.

request.  The Trust, upon a showing of good cause and on notice to the Defendant (which reserves all rights with respect to any such request), may request from the Court an extension of (i) the initial 45-day period for the review of a Defendant's Declaration and any Supporting Documentation, and/or (ii) the latter 45-day period for the review of any additional information submitted in response to a request for such additional information from the Trust (including in the event a Defendant objects to such request and the parties—or the Court—have yet to resolve the objection during such 45-day period).  Nothing in this Protocol shall prevent the Trust and a Defendant from stipulating to an extension of time without intervention from the Court.

10.     *Notice of Change in Amount of Share Repurchase Transaction Proceeds of Partial Conduit or Non-Transferee:*  If the Declaration states that a Defendant received less than the entirety of the alleged Share Repurchase Transaction proceeds as a Conduit, or the Defendant did not receive the entirety of the alleged proceeds (i.e., the Defendant was a Non-Transferee), Plaintiff shall, within 45 days of receipt of the Declaration and the Supporting Documentation (subject to paragraph 8) from such Defendant, either (i) file the Stipulation and Notice of Change in the Adversary Proceeding, in the form attached as Appendix C to this Protocol, or amend the allegations in the Complaint or the Amended Complaint regarding the amount of alleged proceeds of the Share Repurchase Transactions sought from the Defendant to subtract the amount of the alleged proceeds of the Share Repurchase Transactions that Defendant states it received as a partial Conduit and/or Non-Transferee; or (ii) notify the Defendant in writing that it is unwilling to file such Stipulation and Notice of Change or amend the Complaint (or the Amended Complaint) and state the grounds upon which such position is based.  Within the 45-day period, Plaintiff may, in accordance with paragraph 9 above, make a request to the Defendant for additional information that Plaintiff believes, in good faith, is necessary for it to determine whether the Defendant is a

partial Conduit or Non-Transferee. Any Defendant receiving such request reserves the right to object to any such request. The Trust, upon a showing of good cause and on notice to the Defendant (which reserves all rights with respect to any such request), may request from the Court an extension of (i) the initial 45-day period for the review of a Defendant's Declaration and any Supporting Documentation, and/or (ii) the latter 45-day period for the review of any additional information submitted in response to a request for such additional information from the Trust (including in the event a Defendant objects to such request and the parties—or the Court—have yet to resolve the objection during such 45-day period). Nothing in this Protocol shall prevent the Trust and a Defendant from stipulating to an extension of time without intervention from the Court.

11. *Disputes Regarding Dismissal.*

a. If Plaintiff provides to a Defendant, pursuant to paragraphs 9 or 10, a written notification refusing to dismiss the Defendant or, if applicable, to reduce the amount of Share Repurchase Transaction proceeds that Plaintiff alleged Defendant to have received, the Plaintiff and Defendant shall meet and confer within 14 days of the Defendant's receipt of such notification to attempt to resolve the dispute.

b. If the Parties are unable to resolve the dispute after the meet and confer, the Defendant may file a single motion under this Protocol to dismiss or for judgment based on the asserted Defense(s) (in each case, a "**Protocol-Based Motion**"). This Protocol-Based Motion may include for consideration by the Court (i) the Declaration, (ii) Supporting Documentation, and (iii) any other evidence that the Plaintiff and the Defendant exchanged during the process outlined in paragraphs 5–10. A Defendant shall not include in any Protocol-Based Motion any evidence that it did not provide to Plaintiff in accordance with this Protocol, and Plaintiff shall not oppose a Defendant's Protocol-

Based Motion on any grounds not articulated by the Plaintiff in its written notification, pursuant to paragraphs 9 or 10, as applicable.

c.     For the avoidance of doubt, except as otherwise set forth in Paragraph 11(b), Plaintiff's rights to oppose a Protocol-Based Motion on any grounds (including, without limitation, (i) any objection by Plaintiff to the admissibility into evidence or the taking of judicial notice of any Supporting Documentation or other document used in support of the Protocol-Based Motion, (ii) that the Supporting Documentation is incomplete, (iii) that additional discovery is needed to resolve a Protocol-Based Motion, or (iv) one or more Defenses raised cannot be appropriately determined on the applicable Protocol-Based Motion) are hereby preserved.

d.     If a Defendant files a Protocol-Based Motion and the Court denies that motion, then the Defendant may not file a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting the same Defense that it asserted in the Protocol-Based Motion or any other Defense that it could have asserted in that motion but did not.

e.     For the avoidance of doubt, the Defendant's filing of a Protocol-Based Motion is without prejudice to the Defendant raising, and shall not preclude the Defendant from raising, any Defense in its answer, at trial, or in a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure following the conclusion of discovery as to that Defense.

f.     For further avoidance of doubt, the Defendant's filing of a Protocol-Based Motion is without prejudice to the Defendant filing or joining in, and shall not preclude the Defendant from filing of, or joining in, a motion to dismiss on omnibus or non-omnibus grounds on defenses other than those described in Paragraph 11(d), including any defense

that Mallinckrodt's own status results in a common defense for some or all Defendants under Section 546(e).

g.      Nothing in this Protocol shall prevent Plaintiff or any Defendant from filing—or opposing—a motion to establish case management procedures with respect to one or more Protocol-Based Motions, from stipulating to such case management procedures with any Defendant that brings a Protocol-Based Motion.

12.     *Service of Discovery Requests Upon Request of Defendant:* Solely upon the written request of a Defendant that has submitted to Plaintiff a Declaration described in paragraph 5 above, Plaintiff shall serve a document request on such Defendant for the information described in paragraphs 6 and 7 above. For the sake of clarity, this provision does not permit any party to serve a discovery request on any other party for any reason, and authorizes formal discovery only for the limited purpose set forth herein.

13.     *Unnamed Persons and Entities*: If the Trust files an Amended Complaint that continues to seek to certify a defendant class and/or that names "John Doe" defendants, then a person or entity that reasonably believes that it may have received proceeds of one or more Mallinckrodt Share Repurchase Transactions (and is therefore potentially a member of the putative defendant class or a "John Doe" defendant), but is not a named defendant in the Complaint (an "**Unnamed Person**"), may provide the Trust with a Declaration and/or Supporting Documentation, pursuant to paragraphs 5, 6 and 7 above, showing that, if it were a Defendant, it would be able to establish a Defense. In such event, the same procedures set forth in paragraphs 5–12 above shall apply, except (a) instead of filing a form substantially similar to Appendix B, the Trust shall file a form substantially similar to Appendix D hereto, agreeing to not include the Unnamed Person in any putative defendant class, to not consider the Unnamed Person as a John

Doe defendant, and to not name the Unnamed Person as a defendant in any additional Amended Complaint in the Adversary Proceeding or as a defendant in a separate action seeking the same or substantially similar relief as that sought in the Adversary Proceeding; and (b) if the Trust refuses to file such form, the Unnamed Person may file a motion to intervene and Protocol-Based Motion, in accordance with the other provisions of this Protocol as if it were a named defendant, without prejudice to its position that it is not a party to the Adversary Proceeding. Nothing in this provision shall alter or limit any argument by the Plaintiff that such Unnamed Person was timely sued as a defendant in the initial Complaint, or by the Unnamed Person that it was not.

## III.    **General Provisions**

14.    Except as expressly provided in this Protocol, all Parties' rights to prosecute the claims and defenses asserted in this Adversary Proceeding, including to seek discovery in accordance with the applicable rules and any relevant Orders of the Court, and to seek extensions of any deadlines whether provided in this Protocol or otherwise, are fully preserved.

15.    Nothing in this Protocol is intended, or shall be deemed or construed, to alter any Party's burden of proof or persuasion with respect to any claim or defense (including, without limitation, the Defenses) or to alter the legal standard for adjudicating any motion filed in the Adversary Proceeding.

16.    No Defendant or Unnamed Person shall be required to invoke this Protocol. Any Defendant may instead assert a Defense (or any other defense) in any motion permitted by the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or other applicable law or order of the Court, in any answer to the Complaint (or any Amended Complaint), and at trial in the Adversary Proceeding.

17.    A Defendant's or Unnamed Person's reliance on this Protocol to assert any Defense shall not waive any other defense potentially available to such Defendant or Unnamed Person

(including, without limitation, lack of personal jurisdiction, insufficiency of service of process, any omnibus or other non-omnibus ground for dismissal of the Adversary Proceeding, any defense not covered by this Protocol, or any other defenses that may be the subject of later protocols negotiated by the Parties), and all such defenses are expressly preserved. Without limiting the foregoing, Plaintiff shall not argue that the entry by any Defendant or Unnamed Person into this Protocol, its provision of any Declaration, any request by it for dismissal of it from this Adversary Proceeding, or its taking of any other action pursuant to this Protocol, constitutes a consent to the Court's jurisdiction or waives any defense, right or claim of the Defendant or Unnamed Person.

18.    Any Defendant dismissed from the Adversary Proceeding pursuant to this Protocol shall not be: (i) included in any putative defendant class that Plaintiff may seek to certify in the Adversary Proceeding; (ii) considered a "John Doe" defendant in the Adversary Proceeding; or (iii) named as a defendant in a separate action seeking the same or substantially similar relief as that sought in the Adversary Proceeding, unless Plaintiff discovers information, after dismissing the Defendant, that proves the Defendant's Declaration, Supporting Documentation, or other evidence that Defendant submitted pursuant to paragraphs 9, 10 and/or 12 to be materially false, inaccurate, or incomplete.

19.    Any claim voluntarily dismissed by the Trust pursuant to this Protocol shall be without prejudice, and Plaintiff shall have the right to reassert any such claim within 30 days of Plaintiff's claimed discovery of information causing Plaintiff to believe, in good faith, that the information provided by the Defendant pursuant to this Protocol was materially false, inaccurate, or incomplete, and that therefore the Defendant does not have the applicable Defense, and after meeting and conferring with Defendant regarding the above. In such case, the claim may be reasserted, *nunc pro tunc* to the date of original commencement of the Adversary Proceeding (but

subject to any argument by a Defendant not named in the Complaint, or not timely served with the Complaint and accompanying summons, and only later added as a Defendant or served, that the claims against it do not relate back to the date of commencement of the Adversary Proceeding), against such Defendant, and such Defendant (i) shall waive and relinquish any right to any relief pursuant to Rules 41(a)(1)(B) and 41(d) of the Federal Rules of Civil Procedure arising out of its prior dismissal; and (ii) shall not assert any defense to the reassertion of any dismissed claims that relates to the expiration of any applicable statute of limitations, statute of repose, or other rule or principle based upon the passage of time from the date of dismissal to the date of the reassertion of the claim, whether that defense is statutory, contractual, equitable, or otherwise, including, without limitation, waiver, estoppel, and laches; provided, however, that nothing herein is intended to, or shall, revive a claim that was time-barred or otherwise subject to such a defense as of the date of the filing of the Complaint and commencement of the Adversary Proceeding, and further provided that such Defendant otherwise reserves all other defenses.  Plaintiff's reasserted claim or claims shall seek to recover only the amount as to which Plaintiff asserts Defendant is not a Conduit or Non-Transferee, or is not barred by some other Defense.

20.     All documents, information, and other communications exchanged pursuant to this Protocol shall be governed by the Protective Order entered by the Court in the Adversary Proceeding on February 17, 2023.  *See* D.I. 103-1.

21.     Any deadline in this Protocol may be extended by agreement in writing between the Plaintiff and the Defendant or Unnamed Person seeking relief pursuant to this Protocol, in whole or in part, without a Court order, or pursuant to a Court order.

22.     Except as provided expressly herein, all Parties and Unnamed Persons reserve all rights, claims, and defenses, including the right to file any motion permitted by the Federal Rules

of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or any other applicable law or order of the Court.

23.     This Court shall retain jurisdiction over all matters arising from or related to this Protocol.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MALLINCKRODT PLC, *et al.*, | : | No. 20-12522 (JTD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Adversary Proceeding |
| OPIOID MASTER DISBURSEMENT TRUST II, | : | |
| | : | No. 22-50435 (JTD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ARGOS CAPITAL APPRECIATION MASTER FUND LP *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECLARATION OF [Name of Deponent]**

[Name of Deponent], under penalty of perjury, declares:

1.      I am a [title] at [Defendant] ("**Defendant**"), one of the defendants in the above-captioned adversary proceeding, and I have personal knowledge of the facts set forth herein.  If called to testify as a witness in this action, I could competently testify to the following facts based on my review of Defendant's relevant records.

2.  With respect to the proceeds of sales of Mallinckrodt[8] common stock alleged in the Complaint filed in the above-captioned adversary proceeding to have been received by Defendant, [Choose one or more of the following:]

    a.  Defendant believes that it was a Conduit/Non-Transferee.

    b.  Defendant believes that it was a "stockbroker," as defined by 11 U.S.C. § 101(53A).

    c.  Defendant believes that it was a "financial institution," as defined by 11 U.S.C. § 101(22).

    d.  Defendant believes that it was a "financial participant," as defined by 11 U.S.C. § 101(22A).

    e.  Defendant believes that it was a "securities clearing agency," as defined in 11 U.S.C. § 101(48).

    f.  Defendant was a Dissolved Entity as of October 12, 2022.

3.  Defendant attaches as Exhibit[s] [1-X] supporting documentation showing that [insert factual basis for Defendant's claim that it has a Defense].

4.  [For Conduits or Non-Transferees Only] With respect to the amounts set forth in Exhibit 1 hereto, Defendant (i) acted as [describe role] with respect to sales of Mallinckrodt stock; (ii) did not hold an interest as a beneficial owner of stock of Mallinckrodt that was allegedly sold to Mallinckrodt in connection with the Share Repurchase Transactions between August 4, 2015, and April 23, 2018, and did not receive proceeds for its own account from any such transactions;

---

[8]  Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the *Protocol Order for the Dismissal of Conduits, Non-Transferees, "Stockbrokers", "Financial Institutions", "Financial Participants", and Dissolved Entities*, dated May ___, 2023, pursuant to which this Declaration is made. *See* D.I. ___, ¶ 10.

(iii) did not have dominion and control over any such funds, or the right to put the money to its own purposes, and had no discretion or authority to do anything else but transmit the amount to another person or entity; and (iv) in the ordinary course of its business and consistent with any contractual undertaking in respect of the funds in question, transmitted or credited such funds to another person or entity, or otherwise made such funds available to that other person or entity.

5.      [For Conduits Only] In its role as described above, Defendant received funds for the benefit of the persons and entities whose names and addresses are listed on Exhibit 1 hereto in connection with sales of Mallinckrodt stock on [date(s)] in the aggregate amount of $[amount]. Exhibit 1 lists the following information, subject to the redaction of any identifying or specific information as set forth in paragraph 8 of the Protocol, for each alleged Share Repurchase Transaction for which Defendant acted as a Conduit with respect to the Mallinckrodt stock (i) the legal name and address of the selling shareholder to which Defendant transmitted, credited, or otherwise made available the proceeds of the alleged Share Repurchase Transactions; (ii) the date(s) of the sales, including the trade date; (iii) the time of the sale (to the smallest unit of available time); (iv) the number of shares sold; (v) the share price; (vi) the exchange on which the alleged Share Repurchase Transaction was executed, to the extent such information is readily available and would not be unduly burdensome to produce; and (vii) any trade identifying information (including but not limited to FIX Tag information), to the extent any such further information is reasonably available and would not be unduly burdensome to produce.  According to Defendant's records, the amounts listed in Exhibit 1 were transmitted, credited, or otherwise made available to the identified persons and/or entities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2023

_____
[Name of Deponent]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, *et al.*, | No. 20-12522 (JTD) |
| Reorganized Debtors. | (Jointly Administered) |
| OPIOID MASTER DISBURSEMENT TRUST II, | Adversary Proceeding |
| Plaintiff, | No. 22-50435 (JTD) |
| v. | |
| ARGOS CAPITAL APPRECIATION MASTER FUND LP *et al.*, | |
| Defendants. | |

**STIPULATION AND NOTICE OF DISMISSAL**

Plaintiff Opioid Master Disbursement Trust II ("**Plaintiff**") and defendant [Name] ("**Defendant**," and collectively with the Plaintiff, the "**Parties**"), through the Parties' respective undersigned counsel, hereby enter into this Stipulation and Notice of Dismissal ("**Stipulation**") pursuant to Federal Rule of Civil Procedure 41(a).

1.      WHEREAS, Defendant is a named defendant in the above-captioned adversary proceeding, a civil action that was filed in the United States Bankruptcy Court for the District of Delaware (the "**Adversary Proceeding**");

2.      WHEREAS, (a) Defendant asserts that it is entitled to dismissal based on the defense that it is a [insert any applicable Defense(s)], as set forth in the Declaration of [Name] dated [Date]

(the "**Declaration**") and in any Supporting Documentation provided therewith, (b) Plaintiff has had the opportunity to review the Declaration and any Supporting Documentation, and, based on that review, (c) Plaintiff has agreed to dismiss without prejudice the Complaint that has been filed in the Adversary Proceeding against Defendant, based on Defendant's Declaration and any Supporting Documentation submitted therewith pursuant to paragraphs 5, 6 or 7 of the *Protocol Order Relating to Conduits, Non-Transferees, "Stockbrokers", "Financial Institutions", "Financial Participants", and Dissolved Entities*, entered in the Adversary Proceeding on May __, 2023 (the "**Protocol**");

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, as follows:

1.       Without waiver of any Confidential or Highly Confidential designation of the Declaration and Supporting Information, Defendant hereby incorporates the facts set forth in the Declaration and Supporting Documentation;

2.       Plaintiff agrees to voluntarily dismiss without prejudice the Complaint against Defendant pursuant to Federal Rule of Civil Procedure 41(a), *provided, however,* that Plaintiff reserves the right to reassert such claims in the future against Defendant, in any capacity, if Plaintiff makes a reasonable determination in good faith that the information submitted by Defendant pursuant to the Protocol was materially false, inaccurate, or incomplete.

3.       Plaintiff and Defendant reserve all other rights and defenses not explicitly addressed in this Stipulation, including but not limited those in the Protocol.

Dated: _____, 2023

By: */s/*_____     By: */s/*_____
Justin R. Alberto (No. 5126)                    [Counsel for Defendant]
Patrick J. Reilley (No. 4451)
COLE SCHOTZ P.C.
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Tel: (302) 652-3131

Fax: (302) 652-3117
Jalberto@coleschotz.com
Preilley@coleschotz.com

*-and-*

Seth Van Aalten *(admitted pro hac vice)*
Anthony De Leo *(admitted pro hac vice)*
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Tel: (212) 752-8000
Fax: (212) 752-8393
Svanaalten@coleschotz.com
Adeleo@coleschotz.com

*Counsel to the Opioid Master Disbursement
Trust II*

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MALLINCKRODT PLC, *et al.*, | : | No. 20-12522 (JTD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |

| | | |
|---|---|---|
| OPIOID MASTER DISBURSEMENT TRUST II, | : | Adversary Proceeding |
| | : | |
| Plaintiff, | : | No. 22-50435 (JTD) |
| | : | |
| v. | : | |
| | : | |
| ARGOS CAPITAL APPRECIATION MASTER FUND LP *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### STIPULATION AND NOTICE OF CHANGE IN ALLEGED
### SHARE REPURCHASE TRANSACTION PROCEEDS

Plaintiff Opioid Master Disbursement Trust II (the "**Plaintiff**") and defendant [Name] (the "**Defendant**" and collectively with the Plaintiff, the "**Parties**"), through the Parties' respective undersigned counsel, hereby enter into this Stipulation and Notice of Change in Alleged Share Repurchase Transaction Proceeds ("**Stipulation**").

1.      WHEREAS, Defendant represents that, as set forth in the Declaration of [Name], dated [Date] (the "**Declaration**"), it is a mere Conduit or Non-Transferee[9] with respect to the

---

[9]      Capitalized terms not otherwise defined shall have the same meaning as set forth in the *Protocol Order Relating to Conduits, Non-Transferees, "Stockbrokers", "Financial Institutions", "Financial Participants", and Dissolved Entities*, dated May __, 2023.  *See* D.I. ___.

specific Shareholder Repurchase Transactions and amounts it received as set forth below (the "**Conduit/Non-Transferee Amounts**"):

| *Date* | *Conduit/Non-Transferee Amount* |
|--------|----------------------------------|
|        |                                  |

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, as follows:

1.      Exhibits A and B to the Complaint are hereby amended to eliminate the Conduit/Non-Transferee Amounts set forth above solely with respect to the Defendant. This amendment is without prejudice to later amendment if Plaintiff obtains information indicating the Conduit/Non-Transferee Amounts are determined to be materially false, inaccurate, or incomplete. In such case, Plaintiff's later amendment shall be limited to the amount that Plaintiff reasonably determines in good faith not to be Conduit/Non-Transferee Amounts.

2.      Nothing herein is intended to revive a claim that was time-barred as of the date of the amendment.

3.      The amounts set forth in Exhibits A and B to the Complaint after giving effect to the above eliminations shall be incorporated in any subsequent Exhibits A and B filed with the Court.

4.      Plaintiff and Defendant reserve all other rights and defenses not explicitly addressed in this Stipulation, including but not limited those in the Protocol.


Dated: _____, 2023

By: */s/*_____          By: */s/*_____
Justin R. Alberto (No. 5126)                      [Counsel for Defendant]
Patrick J. Reilley (No. 4451)
COLE SCHOTZ P.C.
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Tel: (302) 652-3131

Fax: (302) 652-3117
Jalberto@coleschotz.com
Preilley@coleschotz.com

*-and-*

Seth Van Aalten *(admitted pro hac vice)*
Anthony De Leo *(admitted pro hac vice)*
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Tel: (212) 752-8000
Fax: (212) 752-8393
Svanaalten@coleschotz.com
Adeleo@coleschotz.com

*Counsel to the Opioid Master Disbursement
Trust II*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>MALLINCKRODT PLC, *et al.*,<br><br>            Reorganized Debtors. | Chapter 11<br><br>No. 20-12522 (JTD)<br><br>(Jointly Administered) |
| OPIOID MASTER DISBURSEMENT TRUST II,<br><br>           Plaintiff,<br><br>v.<br><br>ARGOS CAPITAL APPRECIATION MASTER FUND LP *et al.*,<br><br>           Defendants. | Adversary Proceeding<br><br>No. 22-50435 (JTD) |

**NOTICE OF NO ACTION AGREEMENT**

PLEASE TAKE NOTICE, that, Plaintiff Opioid Master Disbursement Trust II hereby agrees to not include [Unnamed Person] in any putative defendant class in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), to not consider [Unnamed Person] as a John Doe defendant in the Adversary Proceeding, and not to name [Unnamed Person] as a defendant in an amended complaint in the Adversary Proceeding or as a defendant in a separate action seeking the same or substantially similar relief as that sought in this adversary proceeding.

Dated: _____, 2023

By: */s/* _____

Justin R. Alberto (No. 5126)
Patrick J. Reilley (No. 4451)
COLE SCHOTZ P.C.
500 Delaware Avenue, Suite 1410

Wilmington, Delaware 19801
Tel: (302) 652-3131
Fax: (302) 652-3117
Jalberto@coleschotz.com
Preilley@coleschotz.com

-and-

Seth Van Aalten *(admitted pro hac vice)*
Anthony De Leo *(admitted pro hac vice)*
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Tel: (212) 752-8000
Fax: (212) 752-8393
Svanaalten@coleschotz.com
Adeleo@coleschotz.com

*Counsel to the Opioid Master Disbursement Trust II*