**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MALLINCKRODT PLC, | : | Case No. 20-12522 (JTD) |
| | : | |
| Reorganized Debtor.[1] | : | |
| | : | |
| OPIOID MASTER DISBURSEMENT TRUST II, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Adversary Proceeding |
| | : | No. 22-50435 (JTD) |
| ARGOS CAPITAL APPRECIATION MASTER | : | |
| FUND LP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MOTION FOR LEAVE TO SERVE LIMITED INTERROGATORIES ON DEFENDANTS

The Opioid Master Disbursement Trust II ("**Trust**"), a statutory trust established under the *Modified Fourth Amended Joint Plan of Reorganization (With Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (D.I. 7670)[2] (as amended, "**Plan**"), by and through its undersigned counsel, hereby moves this Court ("**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** ("**Proposed Order**"), allowing the Trust to serve limited interrogatories (attached hereto as **Exhibit B**) related to certain

---

[1]      The Reorganized Debtor in this chapter 11 case is Mallinckrodt plc ("**Mallinckrodt**").  On May 3, 2023, the Court closed the chapter 11 cases of the Reorganized Debtor's debtor-affiliates (collectively, "**Debtors**").  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt.  The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2]      Pleadings filed in *In re Mallinckrodt plc*, No. 20-bk-12522 (JTD) (Bankr. D. Del.) are referred to with the citation "**D.I. __.**"  Pleadings filed in this adversary proceeding are referred to with the citation "**Adv. D.I. __.**"

defenses in the above-captioned adversary proceeding ("**Proceeding**") on currently named defendants ("**Defendants**"). The grounds supporting this Motion are as follows:

**PRELIMINARY STATEMENT**

In October 2023, the Trust completed its Rule 2004 investigation ("**Shareholder Matching Process**") into the identities of shareholders that received proceeds from Mallinckrodt's repurchase of its ordinary shares as part of its share repurchase program ("**Share Repurchase Program**," and any claims of the Trust that are based on or arise from the Share Repurchase Program, "**Share Repurchase Claims**"). However, at this time, not all Defendants have used the Protocol[3] to assert conduit, non-transferee, or stockbroker defenses (collectively, "**Conduit Defenses**"), the assertion of which would require Defendants to provide the Trust with the identities of transferees that received proceeds from the share repurchase transactions described in the amended complaint ("**Share Repurchases**"). This may be due in part to the facts that (i) the Protocol is voluntary as to Defendants, and (ii) it does not fix a deadline for submitting dismissal requests based on Conduit Defenses. Without the information that Defendants asserting Conduit Defenses must provide under the Protocol—namely, the identities of transferees that benefited from the Share Repurchases—the Trust may not be able to serve all defendants before the deadline to effect service of process expires.

Accordingly, the Trust requests leave to serve a limited set of interrogatories on Defendants to determine whether any of them hold as-yet unasserted Conduit Defenses and to require those Defendants to provide the Trust with the shareholder identifying information that paragraph 7 of the Protocol requires ("**Shareholder Identifying Information**").[4] With this information, the Trust

---

[3]    "**Protocol**" refers to the *Protocol Order Relating to Conduits, Non-Transferees, "Stockbrokers," "Financial Institutions," "Financial Participants," and Dissolved Entities* that this Court approved by order dated May 15, 2023. Adv. D.I. 185-1.

[4]    Paragraph 7 of the Protocol requires the following information from any party asserting a Conduit Defense:

     A spreadsheet listing each of the persons and entities to which the Defendant transmitted, credited, or otherwise made available proceeds of any sales of Mallinckrodt stock on the dates in Exhibit C to

can determine whether it should name any newly identified transferees as defendants and file a second amended complaint. Absent the Protocol, and the discovery stay outside the Protocol embodied therein,[5] the Trust could have sought this information in the ordinary course. The Trust should not be prejudiced by precluding it from seeking such information at this juncture.

## JURISDICTION

1.      This Court has subject-matter jurisdiction to hear and decide this Motion under 28 U.S.C. §§ 157 and 1334, and Article X.F. of the Plan. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Trust consents to this Court's entry of a final order in connection with this Motion if it is later determined that the Court, absent the parties' consent, cannot enter final orders or judgments on the Motion consistent with Article III of the United States Constitution.

2.      Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) of the Bankruptcy Code, Rules 26(d)(1) and 33 of the Federal Rules of Civil Procedure ("**Civil Rules**"), and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

---

the Complaint, showing for each person or entity (1) its legal name and address; (2) the date(s) of the relevant sales, including the trade and settlement dates; (3) the time of the sale (to the smallest unit of time available); (4) the number of shares sold; (5) the share price; (6) the exchange on which the Share Repurchase Transaction was executed; and (7) any trade identifying information (including but not limited to FIX Tag information) . . . .

[5]   *See* Protocol ¶ 12 ("[T]his [Protocol] does not permit any party to serve a discovery request on any other party for any reason, and authorizes formal discovery only for the limited purpose set forth herein.").

## BACKGROUND

4.     The Trust incorporates by reference the background set forth in the *Fifth Motion of the Opioid Master Disbursement Trust II for Entry of an Order Further Enlarging the Time to Effectuate Service of Process*. Adv. D.I. 237.

## RELIEF REQUESTED

5.     By this Motion, the Trust seeks entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting the Trust leave to serve a limited set of interrogatories on Defendants, substantially in the form attached hereto as **Exhibit B**, to determine whether any Defendants hold potential Conduit Defenses and to obtain the Shareholder Identifying Information related to those defenses.

## BASIS FOR RELIEF

### I.     The Trust Needs Procedures to Identify All Defendants Asserting Conduit Defenses

6.     Without a procedure to identify all Defendants that intend to assert Conduit Defenses, the Trust will be required to seek further extensions of the service deadline or risk forfeiting otherwise valid claims against the transferees who received the cash from the Share Repurchases.

7.     Civil Rule 4(m) imposes a 90-day deadline to serve a complaint, provided that the Court must extend such deadline if the plaintiff demonstrates good cause. *See* Fed. R. Civ. P. 4(m).[6] A complaint that is amended within the time provided under Civil Rule 4(m) (inclusive of any extensions thereof) to name previously unidentified "John Doe" defendants is deemed to relate back to the originally filed complaint. *See generally* Fed. R. Civ. P. 15(c);[7] *see also PCT v. New England*

---

[6]     Bankruptcy Rule 7004 makes Civil Rule 4(m) applicable in this Proceeding.

[7]     Bankruptcy Rule 7015 makes Civil Rule 15(c) applicable in this Proceeding.

*Confectionary Co. (In re Fleming Cos.)*, Bankr. No. 03–10945(MFW), Adv. No. 05-78096(KJC), 2006 WL 1062476 (Bankr. D. Del. Apr. 20, 2006); *McCall v. Thazhathel*, No. 19-cv-2568, 2022 WL 1136726, at *6 (E.D. Pa. Apr. 18, 2022) ("[C]ourts of appeal that have addressed this issue have uniformly agreed that Rule 15(c)'s notice period incorporates Rule 4(m)'s good cause extension of that period.") (collecting cases); *Allen v. Nat'l R.R. Passenger Corp.*, No. Civ.A.03-CV-3497, 2004 WL 2830629, at *8 (E.D. Pa. Dec. 7, 2004) (holding that a court order extending the Rule 4(m) period effectively "extend[s] the time period for which notice could be provided to defendant pursuant to Rule 15(c)(3)."); *McGuire v. Turnbo*, 137 F.3d 321, 325 (5th Cir. 1998) (holding that, "[w]hile the notice does not fall within Rule 4(m)'s 120 day period, it does fall within the enlargement the court granted [and] . . . . the amended complaint did relate back").

8.      Now that the Shareholder Matching Process is complete, the only additional defendants that may exist are the ones that Defendants might identify in asserting a Conduit Defense.  Absent the relief sought in this Motion, the Trust will have to seek multiple extensions of the service deadline until it has reasonable assurance that all Defendants that intend to assert Conduit Defenses have done so and provided the requisite Shareholder Identifying Information. Such a prolonged process would waste time and resources.

## II.     The Trust's Request for Limited Interrogatories to Identify John Doe Defendants Is Reasonable

9.      Civil Rule 26(d)(1) authorizes the Court to allow a party to seek discovery prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1);[8] *see also CytoDyn Inc. v. Rosenbaum*, No. 21-1139-MN, 2021 WL 4935888, at *1 (D. Del. Aug. 24, 2021) (noting that courts have "broad discretion to manage the discovery process and can accelerate or otherwise alter the timing and

---

[8]      Rule 26(d)(1) provides:  "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure . . . or when authorized by these rules, by stipulation, or by court order."

sequence of discovery") (quoting *Williams v. Ocwen Loan Servicing, LLC*, No. 14–1096–LPS–CJB, 2015 WL 184024, at *1 (D. Del. Jan. 13, 2015).

10.     "[C]ourts in this District have required a party seeking such discovery to demonstrate good cause, which requires a showing that the request for discovery is reasonable in light of the circumstances – *i.e.*, the expedited and/or early discovery requested is not overbroad and the need for it outweighs the prejudice to the responding party[.]" *Carlson Pet Prods., Inc. v. Does*, No. 19-449 (MN), 2019 WL 1486914, at *1 (D. Del. Apr. 2, 2019); *see also Vision Films, Inc. v. John Does 1-24*, No. 12-1746-LPS, 2013 WL 1163988, at *3 (D. Del. Mar. 20, 2013) ("In prior decisions involving motions for expedited discovery, this court has utilized only the reasonableness standard.") (citing *Commissariat A L'Energie Atomique v. Dell Comput. Corp.*, No. Civ.A. 03–484–KAJ, 2004 WL 406351 (D. Del. Mar. 3, 2004)).

11.     To determine the "reasonableness" of a request, "the court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party[.]" *Kone Corp. v. Thyssenkrupp USA, Inc.*, No. 11–465–LPS–CJB, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011).  The Court considers "such factors as (1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent." *Id.*

12.     Additionally, when determining whether to allow discovery to uncover the identity of John Doe defendants, courts have considered (a) whether the plaintiff has made a *prima facie* claim against the John Doe defendants, (b) whether the plaintiff has attempted to identify the parties through other means, and (c) whether there appears to be no other way of ascertaining the identities

without the early discovery. *Carlson*, 2019 WL 1486914, at *1. The Trust satisfies these factors as well.

13. Regarding the "reasonableness" factors, the Trust has now completed its Shareholder Matching Process and identified all trades that are the subject of this Proceeding. This Court has stated that the parties need to move this Proceeding and the defenses under the Protocol forward. *See* Dec. 12, 2023 Hr'g Tr. at 20:3-5. ("Well, let's get the two of you together and figure out how to expedite these protocol causes of action, so that we can get those resolved."); *id.* at 14:24-15:3 ("I want to give the defendants the opportunity to pursue whatever rights they have under either the protocol or under the Federal Rule of Civil Procedure, if they want to proceed outside the protocol.").

14. The Trust's proposal will advance the Proceeding as to all Defendants, without prejudicing its right to discover the identities of, and name, all potential defendants in this Proceeding. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (granting expedited discovery where the discovery would "expedit[e] possible amendment to [the] complaint" and streamline the case). The need for the information is of vital importance to the Trust. Without such information, the Court will need to either hold the service deadline open potentially indefinitely or potentially foreclose valid claims that the Trust has against parties that it has not been able to identify despite its diligent efforts. *CytoDyn*, 2021 WL 4935888, at *1 (granting expedited discovery where it was necessary to avoid "potential irreparable harm"). Accordingly, the timing and context of the Motion support the relief requested.

15. Moreover, as shown in **Exhibit B**, the Trust is seeking to serve limited and straightforward interrogatories. Defendants that do not intend to assert a Conduit Defense will be able to answer the interrogatories in the negative with minimal burden. For those Defendants that

hold unasserted Conduit Defenses, they are required to provide only the information that Defendants agreed to provide under the Protocol. *See* Protocol ¶ 7. Such targeted discovery will streamline the outstanding issues in the case. *See Kone*, 2011 WL 4478477, at *7 (allowing expedited discovery where "the case is likely to be streamlined and proceed more efficiently if targeted, expedited discovery proceeds at this juncture"). The limited scope of this discovery also minimizes the burden on Defendants. *See Commissariat*, 2004 WL 406351, at *1 (finding a party was not "unduly prejudiced" where discovery was "appropriately tailored" and consisted of three interrogatories and eight document requests).

16. The Trust also meets the standard that courts have applied when assessing whether to order discovery of potential John Doe defendants. *See Carlson*, 2019 WL 1486914, at *1.

17. *First*, the Trust has established a *prima facie* case that the recipients of share repurchase proceeds received those proceeds for no value and are liable to the Trust under theories of fraudulent transfer. *See Buncher Co. v. Off. Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 252 (3d Cir. 2000) (noting that "a transaction in which the corporation receives nothing but outstanding stock amounts simply to a reduction in capitalization[,]" which, from the perspective of creditors, ordinarily constitutes "no value to the corporation in such an exchange"); *Liston v. Gottsegen (In re Mi-Lor Corp.)*, 348 F.3d 294, 307 (1st Cir. 2003) (stating that, "when a corporation is insolvent on the date it redeems shares of its stock, the corporation receives nothing of value").

18. The Amended Complaint includes detailed allegations of the Debtors' opioid misconduct, which resulted in opioid liabilities that far exceeded the value of the companies. *See, e.g.*, Am. Compl. ¶¶ 125-28, 133-34, 144-48. It also alleges that Mallinckrodt knew of potentially severe risks to its business from ongoing governmental investigations even as it pushed forward

with the Share Repurchase Program. *See* Am. Compl. ¶ 277. The Amended Complaint alleges that Mallinckrodt undertook the Share Repurchase Program even as its opioid liabilities increased and its stock price decreased. *See, e.g.*, Am. Compl. ¶¶ 279-80, 283, 287-90. Furthermore, the Amended Complaint alleges that Mallinckrodt lacked sufficient cash on hand to fund the Share Repurchase Program. *See* Am. Compl. ¶¶ 326-49.

19.     *Second*, immediately upon its formation, the Trust pursued an intensive investigation to identify the transferees that collectively received over $1.5 billion from the Share Repurchases. In connection therewith, over 350 subpoenas were served on various parties, and the Trust's professionals analyzed dozens of gigabytes of trade data to match buy-side data that the Debtors' broker-dealers provided with the sell-side data that securities exchanges, contra-parties, and Mallinckrodt shareholders provided. The Trust has undertaken extraordinary efforts to identify shareholders that participated in the Share Repurchase Program.

20.     Nevertheless, there may still be Defendants that intend to assert Conduit Defenses, arguing that they did not actually receive, or lacked dominion and control over, the share repurchase proceeds. This is because the Protocol is voluntary for Defendants, does not fix a deadline for any Defendant to make a dismissal request thereunder, and discovery outside the Protocol is currently stayed. *See* Protocol ¶ 12. At this time, only seven Defendants have raised Conduit Defenses under the Protocol and identified the putative recipients of the share repurchase proceeds.

21.     The Trust has reason to believe that Defendants with undisclosed Conduit Defenses may exist. On November 22, 2023, Citadel Securities revealed for the first time that it has a potential Conduit Defense, despite having made previous dismissal demands on other grounds and despite its previous representation that it traded on its own behalf (and therefore could not have been a conduit or non-transferee). *Compare* **Exhibit C** (September 29, 2022 email from Citadel

Securities stating that "Citadel Securities sold on its own behalf") *with* **Exhibit D** (November 22, 2023 letter from Citadel Securities stating that it "has an additional Protocol-Based Defense . . . that [it] was a 'Conduit'"). The Trust is concerned that other Defendants may also assert Conduit Defenses later, including even those that have similarly already made dismissal demands under the Protocol.

22. *Third*, the Trust sees no other reasonable way to identify transferees of share repurchase proceeds without the targeted discovery proposed herein. This factor strongly weighs in favor of granting the Motion. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 18-895-LPS, 2018 WL 5024168, at *2 (D. Del. Oct. 17, 2018) (stating that Plaintiff's inability to identify John Doe defendants without requested discovery weighs in favor of granting motion to serve third-party subpoenas before Rule 26(f) conference and granting expedited discovery); *Vision Films*, 2013 WL 1163988, at *3-4 (finding that plaintiff's inability to identify John Doe defendants without third-party subpoenas on ISPs favored expedited discovery, particularly because complaint could not be served otherwise); *Malibu Media, LLC v. Doe*, No. 19-12106, 2019 WL 2612751, at *2 (D.N.J. June 26, 2019) (granting limited discovery where "[t]he information is necessary to allow Plaintiff to identify the appropriate defendant, and to effectuate service of the Amended Complaint"); *Manny Film, LLC. v. Doe*, No. 15–1538(ES)(MAH), 2015 WL 4488015, at *2 (D.N.J. July 23, 2015) (same); *Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 WL 919701, at *1 (W.D. Pa. Apr. 3, 2008) (noting that the Court granted expedited discovery to identify John Doe defendants where the discovery "will substantially contribute to moving [the] case forward").

23. The Trust's need for the discovery strongly outweighs any prejudice to Defendants. *See Carlson*, 2019 WL 1486914, at *1 n.2 (finding "minimal prejudice" where a plaintiff served "narrowly tailored" discovery to determine the identity of certain John Doe defendants). Through

this Motion, the Trust seeks leave to serve limited and targeted interrogatories on Defendants, asking whether they hold potential Conduit Defenses and, if they do hold any such defense, to identify the person or entity that received the share repurchase proceeds. If a Defendant does not hold a potential Conduit Defense, the Defendant will be able to answer the targeted discovery in the negative with minimal burden. If a Defendant does hold a potential Conduit Defense, the Defendant should be required to provide Shareholder Identifying Information instead of waiting to use the Protocol until after the service deadline expires. The targeted discovery will thus enable the Trust to efficiently identify and timely serve any remaining defendants so that the Proceeding may move forward.

## RESERVATION OF RIGHTS

24.     The Trust expressly reserves all rights to object to or oppose any Conduit Defenses asserted by Defendants or any defenses raised by alleged transferees. When reviewing the information submitted by any Defendant asserting Conduit Defenses, the Trust reserves the right to determine whether that Defendant should be dismissed and whether to add any alleged transferees as additional defendants. By naming alleged transferees as defendants, the Trust does not imply or concede that any Defendant has a valid Conduit Defense or that any Defendant should be dismissed.

## CERTIFICATION OF COUNSEL

25.     Pursuant to Local Rule 9013-1(d), on January 2, 2024, counsel for the Trust conferred telephonically with Wilmer Cutler Pickering Hale and Dorr LLP ("**Wilmer**") about this Motion.[9] Opposing counsel informed the Trust that the Defendants it represents are likely not in a position to agree to the Motion at this time. The Trust respectfully submits that given the numerous

---

[9]     Wilmer currently represents over 20 Defendants in this Proceeding and has taken a leading role in proposing and negotiating the Protocol, as well as objecting to the Trust's requests for extensions of the service deadline. *See, e.g.*, Adv. D.I. 132 & 202.

Defendants, the procedural stage of this litigation, and the fact that every Defendant will have an opportunity to respond to the Motion, no other or further conference is practical or necessary.

## **NOTICE**

26.     The Trust has provided notice of this Motion to (a) the United States Trustee for Region 3 and (b) all Defendants in this Proceeding as of the date hereof.  The Trust respectfully submits that such notice is adequate and that no other or further notice need be provided.

[*Remainder of page intentionally left blank*]

## CONCLUSION

For the reasons explained above, the Court should grant the Motion, enter the Proposed

Order, and grant such other and further relief as this Court deems just and proper.

Dated: January 11, 2024               Respectfully submitted,
Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)           CAPLIN & DRYSDALE, CHARTERED
Patrick J. Reilley (No. 4451)           Kevin C. Maclay, Esq. (admitted *pro hac vice*)
500 Delaware Avenue, Suite 1410     Todd E. Phillips, Esq. (admitted *pro hac vice*)
Wilmington, Delaware 19801         Jeffrey A. Liesemer, Esq. (admitted *pro hac vice*)
Telephone: (302) 652-3131           Quincy M. Crawford, III, Esq.
Facsimile: (302) 652-3117            (admitted *pro hac vice*)
jalberto@coleschotz.com             Serafina Concannon, Esq. (admitted *pro hac vice*)
preilley@coleschotz.com             One Thomas Circle, NW, Suite 1100
                                        Washington, D.C. 20005
                                        Tel: (202) 862-5000
Anthony De Leo (admitted *pro hac vice*)   Fax: (202) 429-3301
1325 Avenue of the Americas, 19th Floor   kmaclay@capdale.com
New York, NY 10019                 tphillips@capdale.com
Telephone: (212) 752-8000           jliesemer@capdale.com
Facsimile: (212) 752-8393            mcrawford@capdale.com
adeleo@coleschotz.com              sconcannon@capdale.com

*Co-Counsel to the Opioid Master Disbursement Trust II*