# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>MALLINCKRODT PLC,<br><br>Reorganized Debtor.[1] | : : : : : : | Chapter 11<br><br>Case No. 20-12522 (JTD) |
| OPIOID MASTER DISBURSEMENT TRUST II,<br><br>Plaintiff,<br><br>vs.<br><br>ARGOS CAPITAL APPRECIATION MASTER FUND LP, *et al.*,<br><br>Defendants. | : : : : : : : : : : : : : | Adversary Proceeding<br>No. 22-50435 (JTD) |

### REPLY MEMORANDUM IN SUPPORT OF MOTION OF THE OPIOID MASTER DISBURSEMENT TRUST II FOR ENTRY OF AN ORDER EXTENDING THE TIME FOR THE OPIOID MASTER DISBURSEMENT TRUST II TO ANSWER DEFENDANT VIRTU AMERICAS LLC'S MOTION TO DISMISS

The Opioid Master Disbursement Trust II ("**Trust**"),[2] by and through its undersigned counsel, hereby submits this reply memorandum ("**Reply**") in support of its motion ("**Motion**") for entry of an order extending the time for the Trust to file its answer brief and any accompanying affidavit(s) as to *Defendant Virtu Americas LLC's Motion to Dismiss Pursuant to the Protocol*

---

[1] The Reorganized Debtor in this chapter 11 case is Mallinckrodt plc. On May 3, 2023, the Court closed the chapter 11 cases of the Reorganized Debtor's debtor-affiliates (collectively, "**Debtors**"). A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] The Trust is a Delaware statutory trust established under the *Modified Fourth Amended Joint Plan of Reorganization (With Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (Adv. D.I. 7670) (as amended, "**Plan**").

*Order Relating to Conduits, Non-Transferees, "Stockbrokers," "Financial Institutions," "Financial Participants," and Dissolved Entities* (Adv. D.I. 438) ("**Motion to Dismiss**").

Virtu Americas LLC's ("**Virtu Americas**") opposition to the Motion ("**Opposition**") seeks to impose the costs of an opposition brief on the Trust prior to the Court's decision on the pending motions to dismiss (the "**Section 546(e) Motions**"),[3] even though the Court's pending decision could moot some or all of the issues. The Trust is charged, *inter alia*, with investigating and prosecuting certain claims for the benefit of the Debtors' unsecured creditors, which include the many victims of the opioid crisis, including individuals who suffered bodily injuries, including addiction, overdose, other sickness and disease, death, and babies born with neonatal abstinence syndrome, as well as for the benefit of all States and territories, their political subdivisions, Native American tribes, hospitals, and private opioid creditors that hold claims against the Debtors. Funds that are spent opposing premature and potentially unnecessary motions are funds that cannot be spent for the benefit of opioid creditors and for abating the opioid scourge that still persists across this country. This would also waste the Court's time and resources.

**ARGUMENT**

1. Virtu Americas argues that "party and judicial resources are not conserved by a stay." Opposition at 9. This is incorrect. A denial of the Motion will impose significant costs on the Trust. As an initial matter, the Trust will incur the costs of drafting an opposition to the Motion to Dismiss. While the issues raised in the Motion to Dismiss substantially overlap with the Section 546(e) Motions, the Motion to Dismiss also raises arguments that are not addressed in the Section 546(e) Motions. Opposition at 9. Depending on the pending ruling, those arguments, which would need to be addressed now, may not need to be addressed or may be addressed differently after the

---

[3] *See* Adv. D.I. 215, 217, 242, 286.

Court's pending ruling. Virtu Americas ignores the fact that the Trust is entitled to provide new evidence, including affidavits. *See* Adv. D.I. 185-1 at 9-10. This would obviously impose additional costs on the Trust.

2. In addition, two defendants filed motions to dismiss and agreed to a stay of opposition briefs until after the Court rules on the Section 546(e) Motions.[4] To require the Trust to file an opposition to the Motion to Dismiss now would undercut the benefits and the rationale of those other agreements. These costs to the Trust are in addition to the waste of judicial resources.

3. In its Opposition, Virtu Americas agreed to postpone oral argument on the Motion to Dismiss until after the Court rules on the Section 546(e) Motions. *See* Opposition at 3 ("[Virtu Americas] is willing to agree to delay oral argument until after the Section 546(e) Motions are decided"). The Motion would allow the Trust to file its opposition twenty-one (21) days after this Court's decision on the Section 546(e) Motions. Virtu Americas, therefore, has substantially the same delay if the Motion is granted.

4. Virtu Americas argues that the cases cited by the Trust in the Motion are inapposite because the Trust's cases involve motions to stay where the issues in both motions were identical, or where a decision in the pending motion would be fully dispositive of the motion to be stayed. Opposition at 10. Here, the Court's ruling on the Section 546(e) Motions has the potential to be fully dispositive of the Motion to Dismiss. For example, the ruling would be fully dispositive of

---

[4] *See Motion to Dismiss the Amended Complaint as to Defendant Barclays Capital Inc. Pursuant to the Protocol Order Relating to Conduits, Non-Transferees, "Stockbrokers," "Financial Institutions," "Financial Participants," and Dissolved Entities* [Adv. D.I. 288], and the *Motion to Dismiss the Amended Complaint as to Defendant Jane Street Capital, LLC Pursuant to the Protocol Order Relating to Conduits, Non-Transferees, "Stockbrokers," "Financial Institutions," "Financial Participants," and Dissolved Entities* [Adv. D.I. 315]. Both motions to dismiss were stayed by the *Scheduling Order Regarding the Motions to Dismiss the Amended Complaint as to Defendants Tower Research Capital LLC, Spire X Trading LLC, Latour Trading LLC, Barclay's Capital INC., and Jane Street Capital, LLC Pursuant to the Protocol Order Relating to Conduits, Non-Transferees, "Stockbrokers," "Financial institutions," "Financial Participants," and Dissolved Entities* [Adv. D.I. 332].

the Motion to Dismiss if the Trust is successful on its argument that the share repurchase transactions do not qualify as settlement payments under 11 U.S.C. § 546(e).

5. Further, the case law only requires a "substantial overlap" of issues and not identical issues. *See, e.g.*, *Advanced Micro Devices, Inc. v. MediaTek Inc.*, No. CV 19-70-CFC, 2019 WL 4082836, at *1-2 (D. Del. Aug. 29, 2019) (quotations omitted) (granting stay pending resolution of issues raised in a parallel litigation, given the "substantial overlap" in issues, because doing so would "simplify the issues in question and trial of the case"); *see also Wall v. Ctrs. for Disease Control & Prevention*, No. 6:21-CV-975-PGB-DCI, 2022 WL 1239332, at *2 (M.D. Fla. Mar. 4, 2022) (affirming stay of party's obligation to respond to motion for summary judgment during pendency of motion for a preliminary injunction, because "the existence of an overlap [between the two motions] is incontrovertible"); *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017) (granting stay of deadlines during pendency of appeal in similar parallel litigation given "the significant overlap of the issues presented"). Accordingly, the Motion should be granted.

6. Virtu Americas argues that the Trust could have sought a limitation on the number of motions to dismiss when the protocol was negotiated. Opposition at 3. The issue of multiple motions to dismiss under the protocol was raised during the protocol hearing. Hr'g Tr. (Apr. 19, 2023). Defense counsel arguing on behalf of the protocol represented to the Court that defendants could "guarantee" that the Trust would not be "inundated" with multiple motions. Hr'g Tr. at 19:9-20:9 (Apr. 19, 2023).[5] Counsel further stated: "my expectation is that if Your Honor rules on **one or two** of these they will serve like bellwethers and the parties will act accordingly going

---

[5] Counsel stated: "I was thinking if I were in your shoes I would be asking myself the question if I grant the defendants the relief they're asking, am I opening Pandora's Box. Am I going to be inundated with 50, 60, 80 of these motions. I think the answer to that, and I am confident I can guarantee you this, is, no, you won't be." *Id.*

forward." *Id.* (emphasis added). No other defense counsel objected or took a different position.[6]

**CONCLUSION**

For these reasons, the Trust respectfully requests that the Court grant the Motion.

| | |
|---|---|
| Dated: August 29, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>**COLE SCHOTZ P.C.**<br><br>*/s/ Justin R. Alberto*<br>Justin R. Alberto (No. 5126)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br>jalberto@coleschotz.com<br>preilley@coleschotz.com<br><br>Anthony De Leo, Esq. (admitted *pro hac vice*)<br>1325 Avenue of the Americas, 19th Floor<br>New York, NY 10019<br>Telephone: (212) 752-8000<br>Facsimile: (212) 752-8393<br>adeleo@coleschotz.com<br><br>-and-<br><br>**CAPLIN & DRYSDALE, CHARTERED**<br>Kevin C. Maclay, Esq. (admitted *pro hac vice*)<br>Todd E. Phillips, Esq. (admitted *pro hac vice*)<br>Jeffrey A. Liesemer, Esq. (admitted *pro hac vice*)<br>Quincy M. Crawford, III, Esq. (admitted *pro hac vice*)<br>Serafina Concannon, Esq. (admitted *pro hac vice*)<br>1200 New Hampshire Avenue NW, 8th Floor<br>Washington, D.C. 20036<br>Telephone: (202) 862-5000<br>Facsimile: (202) 429-3301<br>kmaclay@capdale.com<br>tphillips@capdale.com<br>jliesemer@capdale.com |

---

[6] Counsel for Virtu Americas entered their appearance in December 2022, well before the hearing on the protocol motion, and could have attended the hearing had they chosen to do so. Adv. D.I. 47.

mcrawford@capdale.com
sconcannon@capdale.com

*Counsel to the Opioid Master Disbursement Trust II*